## INJURY TO A BOY EMPLOYED TO RUN AN ELEVATOR.

Circuit Court of Cuyahoga County.

CHARLES SCHABER, EXECUTOR OF THE ESTATE OF JOHN SCHABER,
DECEASED, v. EDWIN DAVID HINIG, AN INFANT,
BY HIS NEXT FRIEND.

Decided, November 28, 1910.

*Negligence—Master and Servant—Hiring Minor Not Proximate Cause
of Injury to Him—Defect in Petition Caused by Receiving Evidence
Without Objection—Minor Under Fourteen Presumed Not to Fore-
see Danger.*

1. The fact that the owner of a building was negligent in employing a
   minor, who was too young to run an elevator, may render him
   amenable to fine under the statutes, but can not be the proximate
   cause of an injury to the boy himself.
2. Although a petition in a personal injury damage case is faulty in
   not alleging that the defendant had knowledge of the defects in
   certain machinery which are alleged to have caused the injury, if,
   without objection, evidence is introduced on this subject and
   the case tried as though the petition contained the proper allega-
   tions, the defect in the petition is cured.
3. The presumption is that a minor under fourteen years of age has
   not capacity to foresee and avoid danger.

*Howland, Moffett & Niman,* for plaintiff in error.
*Robert Crosser* and *John H. Hogg,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Edwin David Hinig, a minor eleven years old, was employed
by John Schaber, then in his lifetime, but deceased at the time
of the trial, to run an elevator in the Champ Apartment House
after school hours and until half past seven o'clock in the even-
ing. Part of his duty was to remove waste paper from the
several floors in the building.

November 12, 1907, four days after he was employed, he ran
the elevator to the third floor, got out there, left the door open,
gathered up some waste paper and then stepped through the
door, evidently expecting to step into the elevator, but it had

passed up to the fourth floor and Edwin fell down the shaft to the bottom and was seriously injured.

The petition alleges that the elevator was out of repair in that the packing in the cylinder was insufficient, allowing it to leak, thereby permitting the elevator car to move up of itself; that the freight compartment of the elevator which Edwin was instructed to use when gathering waste paper was below the passenger compartment and was unlighted and dark; that his employer failed to warn him of the danger incident to the operation of the elevator and failed to inform him of its defective condition, and that John Schaber was negligent in employing Edwin, who was too young to operate said elevator.

Of course the last proposition, while doubtless true, rendering Schaber amenable to a fine under the statutes of this state, was not the proximate cause of the injury to Edwin.

The petition further alleges that Edwin did not know, nor by the exercise of reasonable care could he have known that the elevator was defective and had moved up from the third floor, nor did he know nor could he have known of the dangers incident to the operation of the elevator, nor of the danger due to the lack of proper lights.

There are no allegations in the petition that John Schaber knew or ought to have known of the defective condition of the elevator, or the lack of lights, but without objection, evidence was introduced on these subjects and the case tried as though the petition contained such allegations.

We think this cured the defect in the petition.

The young boy, Edwin, did not testify at the trial, because his employer had died after the accident.

There was no evidence introduced as to his capacity, except the single fact that he was eleven years old, almost twelve, at the time of the accident.

It was not shown whether he was a bright boy or a dull boy for his years. We know, however, that he was going to school and was in good health.

No eye-witness of the accident testified in the case. A young girl testified that she saw Edwin gathering waste paper on the

third floor, passed him and saw the elevator door open and the elevator car slowly going up, several feet above the level of the floor; passed the elevator, heard a scream, looked back and saw Edwin disappearing down the shaft.

Plaintiff's other witnesses as to the accident and the alleged negligence of the employer, and the girl witness as well, had all given statements to one of defendant's attorneys, shortly after the accident, which they contradicted on the trial.   One of them, the janitor of the block, who had hired Edwin, admitted that he had lied about the accident to his employer, claiming that he did so in order that he might not lose his job.   These three witnesses were all former employees of Schaber.   One admitted that he had been discharged, charged with dishonesty.   The evidence they did give on the hearing was contradictory.

The defendant offered no evidence, was unable to do so in fact, for the only persons who knew anything of the accident and the conditions surrounding it, testified for the plaintiff.

There was a substantial verdict for the plaintiff, but not more than he was entitled to, if he was entitled to anything.

With much misgiving, after a very careful examination of the record, assuming that the jury believed the witnesses who so testified, we find that there was evidence introduced at the hearing tending to establish the following facts:

That the elevator was out of repair, as alleged in the petition, and that the employer knew it; that it was not properly lighted, and this the employer knew; that the employer instructed Edwin how to operate the elevator but failed to warn him of the danger incident to its operation; that Edwin was informed that the elevator would creep up, and saw it do so, but was not informed that it would do so because of any defective condition, nor was he warned of any danger likely to result to him by reason thereof, nor was he warned of any danger to himself likely to result from the absence of a light in the freight compartment of the car. The point is made by counsel for plaintiff in error that the record shows no evidence tending to prove the allegation of the petition that Edwin ran the elevator to the third floor and stopped the freight compartment level therewith; that the car may have

passed up because Edwin did not fully stop it and not because it was defective.

An answer to this proposition is found in the testimony of the regular day elevator boy who testified that the elevator would creep up "pretty near every time I would get off the elevator to put the baskets back," and again: "pretty near every time I would get off the elevator. If I got off the elevator for a minute, it would go up about two feet." "At the third floor it used to creep up more than it would at any other floor."

The jury, if it believed this testimony, might well have concluded that the elevator could not be brought to a complete stop at the third floor. If so, the most necessary inference to be drawn from the circumstances shown in evidence was that the elevator passed upward because of the defect in the cylinder, and not because Edwin was negligent in stopping the elevator. Again, Edwin was sent to the third floor to get the waste paper, which required him to step out of the elevator and then re-enter it. He had no warning as to the danger from the conditions incident to this work. It was the first time he had attempted to collect the waste paper and though he may have observed all the physical facts surrounding him at the time of the accident, did his immature mind grasp their significance? This question brings us to a consideration of the charge.

In one part of the charge, the trial judge said:

"Did the plaintiff, Hinig, know of the danger and appreciate it, if there was danger? In answering the question, was the elevator defective, if you say it was, then you will inquire what knowledge the boy had of this defect in the elevator. If you find from the evidence that the boy had been told that the elevator was defective, you will next consider the circumstances and the experience and age of the boy, and determine whether or not he appreciated fully the dangers which might result from such defective condition of the elevator. And if you find from the evidence that he was told about the defective condition of the elevator, yet, if you are of the opinion, from all the evidence in the case, that he did not appreciate the danger so as to take ordinary and reasonable care of himself and his own safety, he would not be guilty of contributory negligence."

Also in another part of the charge, the trial court said:

"The general rule of fixing and limiting the liability of a master to his servant applies to minors as well as to adults; and when a servant is set at a dangerous work the mere fact of his minority does not in itself render the master liable for the risk incurred, if the servant has sufficient capacity to take care. of himself and knows and appreciates the risk."

Counsel for plaintiff in error claims that the test prescribed here by the court of actual appreciation and understanding of the risk involved in operating the elevator in question, is not a correct test.  That it is not a question of what the plaintiff actually understood and appreciated, but what, in view of his age and capacity, and in the light of all circumstances, he ought to have understood and appreciated.

We think the charge as an abstract proposition of law is faulty, but under the evidence in this case, did any prejudice to the rights of the plaintiff in error arise from that?

The only evidence as to the boy's capacity was that he was eleven years old.  Counsel for plaintiff refrained from asking his mother, when she was on the stand, as to his mental capacity. If asked, she would doubtless have said that he was a very bright boy before he was hurt, but was dull and disabled afterward.

It is stated by Judge Spear in the case of *Railroad Co.* v. *Mackey,* 53 Ohio St., 370, at page 384, that the presumption that the injured person had capacity to foresee and avoid danger will not be visited upon children under the age of fourteen.

Stating this rule affirmatively and applying it to the minor in this case, it follows that the presumption is that Edwin being under fourteen years of age did not have capacity to foresee and avoid danger.

There was no evidence of equal weight or countervailing force to overcome this presumption.  Hence, no matter how charged on the subject, the jury was under the duty of finding as a fact, that Edwin did not appreciate fully the dangers which might have resulted from the defective condition of the elevator.

We conclude, therefore, that there was no error in the charge prejudicial to the rights of plaintiff in error and having considered all the claims of error made by him, the judgment is affirmed.